**COPY**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JUDGE ROBINSON

------------------------------------------------------x

AMERICAN TALENT AGENCY, INC.,

Plaintiff,

v.

ROWE ENTERTAINMENT, INC., LEONARD ROWE,
N&D ENTERTAINMENT, INC., NEAL WILSON and
DESHANNA WILSON,

Defendants.

------------------------------------------------------x

Case No. **'08 CIV 4541**

Supreme Court of New York,
County of Westchester
Index No. 08-09468



## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, et seq., Defendants Neal Wilson, Deshanna Wilson

and N&D Entertainment, Inc. (collectively sometimes referred to herein as the

"Wilsons"), by and through their counsel Akerman Senterfitt LLP, hereby remove this

action from the Supreme Court of the State of New York, County of Westchester to this

Court based on diversity of citizenship jurisdiction. As grounds for removal, Defendants

state as follows:

**I.    Background**

1.    On April 25, 2008, Plaintiff American Talent Agency, Inc. ("ATA") filed

this lawsuit in the Supreme Court of the State of New York, County of Westchester; the

matter was assigned the Index No. 08-09468 by the Clerk of Court.

2.    In ATA's Complaint, Plaintiff alleges that it had reached agreement with

the Defendants to provide supporting talent services to Defendants in connection with a

concert tour headlined by Robert Kelly p/k/a R. Kelly. Plaintiff further alleges that

pursuant to its oral agreement with the Defendants, ATA was to be paid a commission of

{NY031504;1}

ten (10) percent of all artist fees paid to the supporting artists Keisha Cole and J. Holiday, artists that ATA allegedly booked on the tour. In addition, ATA alleges that it was to be reimbursed for all out-of-pocket expenses incurred in connection with the tour. ATA alleges that, despite due demand, Defendants have failed to pay to ATA the fee of one hundred and fifty-five thousand dollars ($155,000.00) plus seventy-five thousand dollars ($75,000) in expense reimbursement. The total compensatory damages sought by Plaintiff is two hundred and thirty thousand dollars ($230,000.00). In addition to compensatory damages, ATA seeks punitive damages against Defendants in an amount to be determined at trial but in no event less than one million dollars ($1,000,000) in connection with its cause of action for breach of fiduciary duty. Further, ATA asserts additional causes of action for promissory estoppel and unjust enrichment.

3.    A Summons issued from the Westchester County Court, State of New York was served on Neal Wilson and Deshanna Wilson on May 1, 2008. A Summons issued from the Westchester County Court, State of New York was served on Neal Wilson and Deshanna Wilson on May 1, 2008. Attached hereto collectively as "**Exhibit A**" are copies of the Summons and Complaint served upon Neal Wilson and Deshanna Wilson, which constitute all of the pleadings served in this case to date.

4.    Defendants Neal Wilson and Deshanna Wilson wish to exercise their right under the provisions of 28 U.S.C. § 1441, et seq., to remove this action from the Supreme Court of the State of New York, County of Westchester to this Court United States District Court in and for the Southern District of New York based upon diversity of citizenship.

{NY031504;1}

2

5.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because less than thirty (30) days have elapsed since any defendant first received a copy of the initial pleading, and this Notice of Removal was filed less than one year after commencement of the lawsuit.

6.     Pursuant to 28 U.S.C. § 1446(d), after the filing of this Notice of Removal, Defendants will promptly give written notice of such filing to Plaintiff, and defendants Rowe Entertainment, Inc., and Leonard Rowe, and will file a copy of the Notice of Removal with the Court Clerk of the Westchester County Court, State of New York, in a form substantially the same as annexed hereto as "**Exhibit B**."

**II.     There is Complete Diversity Between Plaintiff and Defendants.**

7.     At the time of the commencement of this action and at all times since, Plaintiff ATA, upon information and belief, is and has been a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 173 Main Street, Ossining, New York 10562.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), Plaintiff ATA is a citizen of New York.

8.     At the time of the commencement of this action and at all times since, Defendant Rowe Entertainment, Inc. ("Rowe Entertainment"), upon information and belief, is and has been a Georgia Corporation with its principal place of business located at 5825 Glenridge Drive, Building 1, Suite 2187, Atlanta, GA 30328.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), Defendant Rowe Entertainment is a citizen of Georgia.

9.    At the time of the commencement of this action and at all times since, Defendant Leonard Rowe ("Rowe") is and has been a natural person residing within the State of Georgia, County of Muscogee.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), Rowe is a citizen of Georgia.

10.    At the time of the commencement of this action and at all times since, Defendant N&D Entertainment, Inc. ("N&D Entertainment") is and has been a corporation incorporated under the laws of the State of Georgia with its principal place of business located at 2607 National Wood, Augusta, GA 30904.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), N&D Entertainment is a citizen of Georgia.

11.    At the time of the commencement of this action and at all times since, Defendant Neal Wilson ("Neal") is and has been a natural person residing within the State of Georgia, County of Richmond.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), Neal is a citizen of Georgia.

12.    At the time of the commencement of this action and at all times since, Defendant Deshanna Wilson ("Deshanna") is and has been a natural person residing within the State of Georgia, County of Richmond.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), Deshanna is a citizen of Georgia.

13.    Thus, diversity is complete for purposes of 28 U.S.C. §1332(a)(1).

**III.    The Allegations Contained in Plaintiff's Complaint Demonstrate that the Amount in Controversy in this Matter Exceeds Seventy Five Thousand Dollars ($75,000).**

14.    Based on the allegations and the nature of the damages sought against Defendants in Plaintiff's Complaint, it reasonably appears that the amount in controversy with respect to Plaintiff's claims, exclusive of interest and costs, exceeds the sum of Seventy Five Thousand Dollars ($75,000.00).

15.    Plaintiff alleges that Defendants breached an (oral) agreement between the parties which allegedly provided that Defendants would pay to Plaintiff a commission of ten percent (10%) for booking certain support acts on the 2007 R.Kelly Tour. "Despite due demands, Defendants have failed to pay Plaintiff the commissions due under the agreement to wit, One Hundred and Fifty-Five Thousand ($155,000.00) Dollars." (Complaint ¶ 45).

16.    In addition, Plaintiff alleges that Defendants breached an (oral) agreement between the parties which allegedly provided that Defendants would reimburse Plaintiff for expenses incurred in connection with the tour. "Despite due demands, Defendants have failed to reimburse Plaintiff for expenses incurred, as required under agreement to wit, Seventy-Five Thousand ($75,000.00) Dollars." (Complaint ¶ 46).

17.    Plaintiff seeks compensatory damages of at least Two Hundred and Thirty Thousand Dollars ($230,000.00), as well as costs, pre- and post-judgment interest. (Complaint, ¶¶ 55, 62, 69, 73).

18.    Furthermore, Plaintiff seeks punitive damages in this matter. (Complaint, ¶ 63).

{NY031504;1}

5

19.    The additional defendants' (Rowe Entertainment and Rowe), consent is not required for removal as, upon information and belief, to date Rowe Entertainment and Rowe have not yet been served with process.

**IV.    Conclusion**

20.    By reason of the amount in controversy and the complete diversity of citizenship of the properly joined parties, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

21.    Accordingly, the action is removable from the Supreme Court of the State of New York, County of Westchester to this United States District Court, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

**WHEREFORE**, premises and annexed documents considered, Defendants Neal Wilson, Deshanna Wilson and N&D Entertainment hereby remove the above action now pending in the Supreme Court of the State of New York, County of Westchester to the United States District Court for the Southern District of New York.

Dated:  New York, New York
        May 16, 2008

                                          Respectfully submitted,

                                          AKERMAN SENTERFITT LLP

                                          By:
                                              Donald N. David
                                              Brian A. Bloom

                                          335 Madison Avenue, Suite 2600
                                          New York, NY  10017
                                          (212) 880-3800
                                          (212) 880-8965 (fax)

                                          *Attorneys for Defendants*
                                          *Neal Wilson, Deshanna Wilson and N&D Entertainment*

{NY031504;1}
                                          6

EXHIBIT "A"

May. 5. 2008  2:23PM

No. 4131   P. 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

----------------------------------------------------------------x

AMERICAN TALENT AGENCY, INC.,

                Plaintiff,

        vs.

ROWE ENTERTAINMENT, LEONARD ROWE,
N&D ENTERTAINMENT, INC., NEAL WILSON
and DESHANNA WILSON

                Defendants,

----------------------------------------------------------------x

**SUMMONS**

Index No.: 08— 09468

Filed:

RECEIVED

... ... 2008

... ... CLERK
COUNTY OF WESTCHESTER

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint hereto attached.

The basis of the venue designated is CPLR § 503 (a) in that the Plaintiff's principal place of business is in this county.

Dated: New York, New York
      April 24, 2008

                   LAW FIRM OF IRA SCOT MEYEROWITZ

                   By:_____
                      Ira Scot Meyerowitz, Esq.
                   347 Fifth Avenue
                   Suite 1300
                   New York, New York 10016
                   Telephone: (212) 686-7006
                   Facsimile: (212) 686-7113

                   Attorney for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------x
AMERICAN TALENT AGENCY, INC.,

                Plaintiff,

       vs.

ROWE ENTERTAINMENT, INC., LEONARD ROWE,
N&D ENTERTAINMENT, NEAL WILSON and
DESHANNA WILSON

               Defendants,
-----------------------------------------------------------------x

**COMPLAINT**

Case No.: 08—09468

RECEIVED

[stamp illegible]

THE FILED, GDN
COUNTY CLERK
COUNTY OF WESTCHESTER

Plaintiff American Talent Agency, Inc ("ATA" or "Plaintiff"), by its attorneys,

the Law Firm of Ira Scot Meyerowitz, as and for its Complaint against defendants Rowe

Entertainment ("Rowe Entertainment"), Leonard Rowe ("Rowe"), N&D Entertainment,

Inc. ("N&D"), Neal Wilson ("Mr. Wilson"), Deshanna Wilson ("Mrs. Wilson")

(collectively referred to herein as "Defendants"), alleges as follows:

<u>THE PARTIES</u>

1. Plaintiff ATA was and is a corporation duly organized and existing under the

laws of the State of New York with its principal place of business located at 173 Main

Street, Ossining, NY 10562.

2. Upon information and belief, defendant Rowe Entertainment is a Georgia

corporation with its principal place of business located at 5825 Glenridge Drive, Building

1, Suite 218, Atlanta, GA 30328.

3. Upon information and belief, defendant Rowe was and is a natural person

residing within the State of Georgia, County of Muscogee and is the CEO of Rowe

Entertainment.

4.  Upon information and belief, defendant N&D was and is a Georgia corporation with its principal place of business located at Deshanna Wilson 2607 National Wood, Augusta, GA 30904

5.  Upon information and belief, defendant Mr. Wilson was and is a natural person residing within the State of Georgia, Richmond County and is the CEO and/or an owner of N&D.

6.  Upon information and belief, defendant Mrs. Wilson was and is a natural person residing within the State of Georgia, Richmond County and is an officer and/or owner of N&D.

7.  Except as hereinafter specifically described, Defendants, and each of them, were and are acting in concert or participation with each other, or were joint participants and collaborators in the acts complained of, and were the agents, alter egos, and/or employees of the others in doing the acts complained of herein, each and all of them acting within the course and scope of said agency and/or employment by the others, each and all of them acting in concert one with the other and all together.

## FACTUAL ALLEGATIONS

8.  Peter Seitz ("Seitz"), Plaintiff's C.E.O., has been working in the music concert booking industry for approximately twenty three (23) years and has worked for numerous booking agencies including ICM, Famous Artist Pyramid. Seitz has booked numerous tours for artists including 50 Cent, Akon, Busta Rhymes, Missy Elliot.

9.  Rowe has been working in the music concert promoting industry for approximately thirty (30) years.

2

10. Mr. Wilson has been an owner of numerous night clubs throughout the southern region of the United States for approximately twenty-five (25) years.

11. Mrs. Wilson has been working in the music concert promoting industry for approximately five (5) years.

### The Agreement Between Plaintiff and Defendants

12. In late 2006, Rowe and Seitz spoke for the first time. Specifically, Rowe called Seitz and informed him that he was putting together a concert series featuring the performing artist Janet Jackson ("Jackson") and offered to involve ATA. Ultimately, no agreement was reached between the parties.

13. In or around February of 2007, by way of a telephone conversation, Seitz introduced Mrs. Wilson to Rowe since she was interested in being an investor in the Jackson concert series.

14. Subsequently, Mrs. Wilson introduced her husband and partner in N&D, Mr. Wilson, to Rowe for the purpose of becoming investors in the Jackson concert series.

15. In or around May 2007, unbeknownst to Seitz and ATA, Mrs. Wilson, Mr. Wilson and N&D invested one hundred and fifty ($150,000.00) dollars to become equal partners with Rowe and Rowe Entertainment in the Jackson concert tour.

16. In or around the same time, Rowe told Seitz that he needed a supporting act to go out on tour with Jackson, whereupon Seitz suggested that Rowe Entertainment book the performing artist Robert Kelly a/k/a R. Kelly ("Kelly").

17. However, Rowe Entertainment could not hope to book Kelly because he was represented by Creative Artist Agency ("CAA") and CAA and Rowe had previously sued CAA and that matter is still unresolved.

3

18. In good faith, on or about April 19, 2007, Seitz flew to Las Vegas for a meeting with Kelly and to pitch Kelly about going on tour with Jackson over the summer.

19. Based solely on the good will established by Seitz at the first meeting in Las Vegas, Seitz was able to set up a second meeting between himself, Rowe and Kelly in Chicago in late April 2007.

20. In or around May 2007, as Seitz's negotiations with Kelly were ongoing, Jackson abruptly discontinued her aspirations to tour.

21. Subsequently, Seitz told Rowe that he should offer Kelly to tour as the headliner and that together they could book various supporting acts through the summer of 2007 (the "Tour"); which ATA did, as discussed below.

22. Unbeknownst to Seitz and ATA, Rowe and Rowe Entertainment were business partners with N&D, Ms. Wilson and Mr. Wilson on the Tour.

23. To the contrary, ATA was led to believe that N&D, Ms. Wilson and Mr. Wilson were mere investors.

24. Since Kelly was a client of CAA, ATA could not make commissions if it booked Kelly for the Tour, but it could make commissions if it booked supporting acts.

25. Since Defendants were reliant on the relationship Seitz had established with Kelly, in consideration of the efforts made by ATA to get Kelly to commit to headlining the Tour, Rowe, on behalf of Defendants, promised to collect on behalf of ATA a Ten (10%) Percent commission on the total fee for each supporting performing artists on the Tour, and that ATA would be the exclusive booking of the supporting acts.

4

26. Rowe, on behalf of Defendants, promised to deduct ATA's Ten (10%) Percent commission from any monies paid to the supporting artists on the Tour by Defendants and then forward those monies to ATA.

27. In addition, Rowe, on behalf of Defendants, promised to reimburse ATA any and all expenses incurred by ATA in connection with the Tour, including those amounts that ATA had already spent on airfare traveling to Las Vegas, Chicago and Atlanta numerous times to meet with Kelly on behalf of Defendants.

28. After reaching this agreement, ATA resumed its efforts to confirm Kelly on the Tour for the benefit of Defendants.

29. As a direct result of the efforts made by Seitz and ATA, Kelly verbally committed to Defendants as his Tour Promoters.

30. As Tour promoters, Defendants are and were responsible for paying the performance fees to all the artists.

31. After Kelly committed to the Tour, Defendants acquired other investors unknown to ATA in order to come up with the money necessary to pay Kelly for his appearances on the Tour.

32. The initial payment made to Kelly was for the amount of One Million ($1,000,000.00) Dollars.

33. Defendants were short by the amount of Ninety Seven Thousand Five Hundred ($97,500.00) Dollars.

34. To cover this shortfall, ATA lent Defendants the balance of the shortfall, to wit, Ninety Seven Thousand Five Hundred ($97,500.00) Dollars. Rowe, on behalf of

5

Defendants, promised to reimburse ATA for the foregoing loan and ATA was subsequently reimbursed.

35. Shortly thereafter, it was decided that the supporting acts for the Tour would be the performing artist Keisha Cole ("Cole") and J. Holiday ("Holiday").

36. Cole was contracted to be paid One Million Two Hundred Thousand ($1,200,000.00) Dollars for all her performances on the Tour, which resulted in One Hundred and Twenty Thousand ($120,000.00) Dollars in commissions being due and owing to ATA.

37. Holiday was contracted to be paid Three Hundred and Fifty Thousand ($350,000.00) Dollars for all his performances on the Tour, which resulted in Thirty-Five Thousand ($35,000.00) Dollars in commissions being due and owing to ATA.

38. It is standard industry practice for performing artist to be paid their fees on the day of the show. Thus, Defendants were obligated to pay both Cole and Holiday on the road less the commission to be paid to ATA.

39. The Tour dates were settled around Kelly's schedule and were confirmed to start on November 14, 2007 in Columbus, Georgia.

40. Once the Tour began Defendants began collecting the commissions due and owing to ATA for each date played.

41. On numerous occasions ATA inquired as to when it would be compensated and Rowe, on behalf of Defendants, responded that they would remit all the commissions due and owing ATA at the end of the tour.

42. In continued reliance on these representations by Rowe, on behalf of Defendants, ATA incurred additional expenses in sending one of its agents on the road

6

with the Tour to make sure everything was running smoothly and since its reputation was tied to the Tour's success.

43. Upon completion of the Tour, ATA informed Rowe that ATA was owed the total amount of One Hundred and Fifty-Five Thousand ($155,000.00) Dollars, which represented commissions due and owing for booking Cole and Holiday.

44. Upon completion of the Tour, ATA informed Rowe that ATA was owed the total amount of Seventy-Five Thousand ($75,000.00) Dollars, which represented the sum total of expenses ATA incurred in connection with the Tour.

45. Despite due demands, Defendants have failed to pay Plaintiff the commissions due under the agreement to wit, One Hundred and Fifty-Five Thousand ($155,000.00) Dollars.

46. Despite due demands, Defendants have failed to reimburse Plaintiff for expenses incurred, as required under agreement to wit, Seventy-Five Thousand ($75,000.00) Dollars.

47. To date, in breach of the agreements, Defendants failed to pay Plaintiff any of its commission or expenses incurred in connection with the Tour.

48. As partners, Rowe, Rowe Entertainment, N&D, Ms. Wilson and Mr. Wilson are all liable, jointly and severally, to ATA for ATA's commissions and expenses incurred as discussed below.

<u>COUNT I</u>

<u>BREACH OF CONTRACT</u>

49. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. As set forth in detail above, with full knowledge and intent, Rowe and Rowe Entertainment, on their own behalf and the behalf of their secret partners, the other Defendants, duly negotiated and entered into the following agreement that: (i) Plaintiff would secure the performing artist Kelly for a concert series on behalf of and for the benefit of Defendants; (ii) Rowe and Rowe Entertainment would deduct from the performing artists Cole and Holiday an amount equal to Ten (10%) Percent of their performance fee for every concert played on the Tour and pay those funds directly to Plaintiff; and (iii) Plaintiff would be reimbursed in full for all the expenses it incurred, loaned and advanced in connection to and in furtherance of the Tour.

51. Plaintiff fully performed in accordance with the terms of said agreement.

52. As set forth in detail above, Defendants breached the foregoing agreement by, *inter alia*: (i) failing to pay Plaintiff commissions due for booking the performing artists Cole and Holiday for the Tour and (ii) failing to reimburse Plaintiffs for all expenses incurred in connection to the Tour.

53. As a result of the foregoing breaches, Plaintiff suffered compensatory damages.

54. As partners, Rowe, Rowe Entertainment, N&D, Ms. Wilson and Mr. Wilson are all liable, jointly and severally, to ATA for ATA's commissions and expenses incurred as discussed below.

55. Accordingly, Plaintiffs are entitled to an award of monetary damages against all Defendants in an amount to be determined at the trial of the merits of this action, but in no respect less than Two Hundred and Thirty Thousand ($230,000.00) Dollars, as well as an award of costs, pre- and post-judgment interest.

## COUNT II

### BREACH OF FIDUCIARY DUTY

56. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. As set forth in detail above, Rowe and Rowe Entertainment, individually and on behalf of their secret partners, the other Defendants, entered into an agreement and arrangement whereby they would collect all monies on behalf of Plaintiff.

58. In this regard, Defendants became a trustee to Plaintiff and those monies that they collected would be held in trust for the benefit of Plaintiff.

59. By virtue of their status as trustee to Plaintiff, Defendants owed Plaintiff a fiduciary duty of care and loyalty.

60. As described in detail above, Defendants breached their fiduciary duty by *inter alia*: (i) withholding and failing to pay Plaintiff any and all commissions due for the performing artists Cole and Holiday; and (ii) withholding and failing to reimburse Plaintiff for all expenses incurred.

61. As a result of the foregoing breaches, Plaintiff suffered compensatory damages.

62. Accordingly, Plaintiffs are entitled to an award of monetary damages against all Defendants in an amount to be determined at the trial of the merits of this action, but in no respect less than Two Hundred and Thirty Thousand ($230,000.00) Dollars, as well as an award of costs, pre- and post-judgment interest.

63. In light of the malicious, intentional and/or willful nature of Defendants' actions, Plaintiff is entitled punitive damages against all Defendants in an amount to be

9

determined at trial, but in no event should it be less than One Million ($1,000,000) Dollars, in order to serve as a deterrence and punishment for Defendants' bad acts.

<u>COUNT III</u>

<u>PROMISSARY ESTOPPEL</u>

64. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 63 of this Complaint as though fully set forth herein.

65. As described in detail above, Rowe and Rowe Entertainment, individually and on behalf of their secret partners, the other Defendants, made the following unambiguous promises to Plaintiff: (i) that Plaintiff would receive a ten (10%) commission for booking the performing artist, Cole, and Holiday on behalf of Defendants; and (ii) that Plaintiff would be reimbursed for all expenses that Plaintiff incurred in connection to the Tour.

66. At all times, Defendants knew that Plaintiff was reasonably relying upon Rowe's promises and foregoing other clients and opportunities due to their commitments to Defendants under the agreements.

67. As a result, Plaintiff relied to its detriment on Rowe's promises, assurances and representations by, among other things, working to acquire the performing artist Kelly on behalf of Defendants, incurring expenses in connection with their work, performing work for no compensation and by foregoing other business opportunities.

68. Based upon Rowe's representations and Plaintiff's reasonable reliance on those representations, Defendants are estopped from repudiating and/or denying the terms of the agreement described above.

69. Accordingly, Plaintiffs are entitled to an award of monetary damages against all Defendants in an amount to be determined at the trial of the merits of this action, but

10

in no respect less than Two Hundred and Thirty Thousand ($230,000.00) Dollars, as well as an award of costs, pre- and post-judgment interest.

<u>COUNT IV</u>

<u>UNJUST ENRICHMENT</u>

70. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 69 of this Complaint as though fully set forth herein.

71. As described in detail above, Defendants were unjustly enriched by their unlawful use and receipt of the connections, skill, expertise and labors of Plaintiff's services for Defendants.

72. In equity and good conscience, Plaintiff is entitled to the reasonable value of their services and financing.

73. Accordingly, Plaintiff is entitled to an award of monetary damages in an amount to be determined at the trial of the merits of this action, but in no respect less than Two Hundred and Thirty Thousand ($230,000.00) Dollars, as well as an award of costs, pre- and post-judgment interest.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for relief on the causes of action stated above Defendants as follows:

a.      On the First through Fourth Counts, that Plaintiff be awarded compensatory damages in an amount to be determined at trial, but is not less than Two Hundred and Thirty Thousand ($230,000.00) Dollars;

11

b.    On the Second Count that Plaintiff be awarded punitive damages in an

amount to be determined at trial, but in no event should it be less than One Million

($1,000,000.00) Dollars;

c.    That Plaintiff be awarded pre- and post-judgment interest;

d.    That Plaintiff be awarded their attorneys' fees, cost and disbursements

e.    That Plaintiff be awarded all other and further relief as the Court may

deem just and proper;

Date:  New York, New York
       April 24, 2008

THE LAW FIRM OF IRA SCOT MEYEROWITZ

By: _____
        Ira Scot Meyerowitz
        347 Fifth Avenue
        Suite 1300
        New York, New York 10016
        Tel: (212) 686-7006
        Fax: (212) 686-7113

Attorneys for Plaintiff

12

# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------x

AMERICAN TALENT AGENCY, INC.,

                                        Plaintiff,

v.                                                          Index No. 08-09468

ROWE ENTERTAINMENT, INC., LEONARD ROWE,
N&D ENTERTAINMENT, INC., NEAL WILSON and
DESHANNA WILSON,

                                        Defendants.
------------------------------------------------------------x

### NOTICE OF FILING NOTICE OF REMOVAL

To:   Ira Scot Meyerowitz, Esq.              Leonard Rowe, Defendant
      The Law Office of Ira Scot Meyerowitz   5825 Glenridge Drive
      Attorneys for Plaintiff                 Building 1, Suite 2187
      347 Fifth Avenue, Suite 1300            Atlanta, GA 30328
      New York, New York 10016

      Rowe Entertainment, Inc., Defendant
      5825 Glenridge Drive
      Building 1, Suite 2187
      Atlanta, GA 30328

**PLEASE TAKE NOTICE** that Defendants Neal Wilson, Deshanna Wilson and N&D

Entertainment, Inc. have caused to be filed with the Clerk of the United States District Court for the

Southern District of New York the attached Notice of Removal. A copy of the Notice of Removal is filed

with this Court pursuant to 28 U.S.C. § 1446(d).

                              Respectfully submitted,

                              AKERMAN SENTERFITT LLP

                              By: _____
                                    Donald N. David
                                    Brian A. Bloom

                              335 Madison Avenue, Suite 2600
                              New York, NY 10017
                              (212) 880-3800
                              (212) 880-8965 (fax)

                        *Attorneys for Defendants*
                        *Neal Wilson, Deshanna Wilson and N&D Entertainment*

{NY031503;1}